CIVIL COMPLAINT

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED BY ___ᴴᵂᵠ___ D.C.

JUL 28 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

JOHN DOE,
Plaintiff, Case No. _____

v.

(VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF) (JURY DEMANDED)

ANTONIO GADSDEN Jax., Fl.
LATEFONIE POOLE
STEPHANIE POOLE
CRYSTAL JEFFCOAT
DAVID SPANN OF Jax, Fl.
REGINALD BAILEY Orlando, Fl.
A HOUSE UNITED LLC &
MR LEAD GROUP LLC
PREMIER TRUCK DRIVING SCHOOL
VOLARE TRANSPORT – DOT # 3844100,
WEEMS TRANSPORTATION,
CARLTON TRUCKING,
IVS TRANSPORT,
PRIME TRUCKING,
WESTERN EXPRESS,
PALM TRANS PUBLIC TRANSPORTATION
THE CITY OF BOYNTON BEACH
INGRAM'S TOWING OF NORTH CAROLINA
NORTHERN VIRGINIA COMMUNITY COLLEGE
BROWARD COUNTY COMMUNITY COLLEGE
FLORIDA HOUSING AUTHORITY
MCDONALD CEO JIM WAGNER KANSAS CITY, Mo.

JOHN DOES 1-50,
Defendants.

_____ )

I. INTRODUCTION
This is a civil action brought under the Trafficking Victims Protection Act (TVPRA), 18 U.S.C. § 1595; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d); the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b); the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.

Plaintiff JOHN DOE is a homeless, malnourished survivor of a multi-state labor trafficking scheme that has operated continuously since 2006.

Defendants are six trucking companies and their agents who recruited Plaintiff, withheld over $39,500 in wages, sabotaged his vehicles, hacked his computers, physically intimidated him, and retaliated against him for seeking medical care and for having a service animal.

This pattern of exploitation and coercion is designed to keep Plaintiff in a state of debt bondage and to prevent him from obtaining legal redress.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the TVPRA, RICO, FLSA, ADA, and FMLA.

The TVPRA provides a civil remedy for trafficking victims. 18 U.S.C. § 1595 allows victims to bring a civil action in federal court.

RICO claims are properly brought in federal court under 18 U.S.C. § 1964(c), which provides for treble damages and attorney's fees.

Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district, including the effects of the trafficking scheme continuing to harm Plaintiff in Boynton Beach, Florida.

Venue is also proper under 18 U.S.C. § 1965(a) because defendants Volare Transport and Western Express reside, have agents, or transact business in this district, and under § 1965(b) the ends of justice require that all co-conspirators be sued in a single district.

## III. PARTIES

Plaintiff JOHN DOE is a natural person, a United States citizen, and currently homeless in Boynton Beach, Florida. His true name is known to the Court but is filed under seal pursuant to a contemporaneous motion to proceed under pseudonym.

Defendant VOLARE TRANSPORT is a trucking company with its principal place of business in Alpharetta, Georgia, and doing business in Florida. Volare owes Plaintiff $6,000 in unpaid wages and committed fraud to deny payment.

Defendant WEEMS TRANSPORTATION is a trucking company with its principal place of business in Loveland, Ohio, and operating under USDOT No. 3644911. Weems owes Plaintiff $4,000 in unpaid wages, fraudulently obtained insurance, and caused a non-fault accident on July 9, 2025, in Illinois, whose insurance denied coverage because of Weems' fraud.

Defendant CARLTON TRUCKING (owner Todd Carlton) is a trucking company operating in North Carolina. Carlton owes Plaintiff $4,500 in unpaid wages.

Defendant IVS TRANSPORT is a trucking company operating in Illinois. IVS owes Plaintiff $10,000 in unpaid wages, coerced Plaintiff to drive while in severe pain from the July 9 accident, and towed Plaintiff's truck when he sought medical care.

Defendant PRIME TRUCKING is a trucking company operating in Odessa, Texas. Prime owes Plaintiff $15,000 in unpaid wages.

Defendant WESTERN EXPRESS is a trucking company operating in Georgia. Western Express discriminated against Plaintiff because of his 60-pound service animal, refused to honor his valid FMCSA physical, and retaliated against him for complaining.

Defendants JOHN DOES 1-50 are unknown individuals and entities who participated in the trafficking scheme, including tow truck operators, hackers, and other co-conspirators.

IV. FACTUAL ALLEGATIONS
A. Plaintiff's Forced Exile in Mexico (2016-2019)

In 2016, unable to obtain a passport and facing a probation violation warrant for a "stolen vehicle" conviction that Plaintiff has consistently maintained was the result of trafficking and coercion, Plaintiff fled the United States to Tijuana, Mexico.

Plaintiff arrived in Tijuana with very little money, no employment prospects, and no legal documentation to work in Mexico.

Plaintiff remained in Tijuana from 2016 until 2019. During this time, Plaintiff was unable to secure formal employment because he did not possess a valid United States passport or a Mexican visa.

Plaintiff returned to the United States in 2019 solely because his economic circumstances in Mexico had become untenable without legal work authorization.

Immediately upon Plaintiff's return to the United States in 2019, the pattern of attacks dramatically intensified.

B. Vehicle Sabotage

Prior to 2019, Plaintiff owned one vehicle and never experienced sabotage. Beginning in 2019, Plaintiff purchased five vehicles in five different states. Each of those five vehicles was sabotaged in a manner consistent with coordinated retaliation.

C. Identity Theft and Theft of Documents

In Las Vegas, Plaintiff's birth certificate, car title, and IRS 501(c)(3) EIN letter were stolen. Police refused to take a report, calling it a "civil matter."

In Kansas City, Missouri, Plaintiff's hard drive was removed from his personal computer at a McDonald's. The drive contained a 95% complete transportation business proposal and original songs. Police refused to take a report.

D. Cyber-Attacks and Surveillance

At Northern Virginia Community College (NOVA), Plaintiff suffered DDoS attacks every 15-30 minutes during remote exams, causing him to fail. The instructor refused to help. Plaintiff filed a formal complaint alleging threats from human traffickers.

At Broward College in Florida, the identical connectivity pattern prevented testing. Wireshark logs document the attacks.

Plaintiff's computers have been subject to constant hacking and surveillance, preventing him from completing a civil complaint and autobiography documenting the trafficking pattern.

E. Housing Discrimination

Plaintiff was denied housing assistance in Florida after his arrest record was mislabeled as a "conviction" for possession. The arrest itself was allegedly a setup by traffickers.

F. CDL Employment and Wage Theft

Plaintiff obtained his CDL and was employed by six fraudulent trucking employers in succession:

| Employer | Location | Owed |
|---|---|---|
| Mr. Leads Group | Davie, Fl | $10,000 |
| Volare Transport | Alpharetta, GA | $6,000 |
| Weems Transportation | Loveland, OH | $4,000 |
| Carlton Trucking | Charlotte, NC | $4,500 |
| IVS Transport | Illinois | $10,000 |
| Prime Trucking | Odessa, TX | $15,000 |
| Western Express | Georgia | Discrimination |

Total documented wage theft: Approximately       $39,500.

G. Towing Incidents

In Charlotte, North Carolina, four men from a tow truck company jumped on Plaintiff's occupied truck, lifted it off the ground, and forced Plaintiff to jump out with only one shoe. Police refused to take a report, calling it "civil."

In Miami, Florida, IVS Transport towed Plaintiff's truck while he was at a doctor's appointment for pain from the Weems accident—retaliation for seeking medical care.

H. Service Animal Discrimination

Western Express claimed they did not know about Plaintiff's service animal despite documentation being provided. They required a second physical despite Plaintiff holding a valid FMCSA medical card. A hotel demanded $400 extra for the service animal, in violation of the ADA.

V. LEGAL CLAIMS

COUNT I: TRAFFICKING VICTIMS PROTECTION ACT – 18 U.S.C. § 1595
(Against All Defendants – Labor Trafficking)

Plaintiff incorporates all preceding paragraphs.

Defendants knowingly recruited, harbored, transported, provided, or obtained Plaintiff for labor or services through the use of fraud, force, and coercion.

The fraud included promising wages and then failing to pay over $39,500, misrepresenting insurance coverage, and denying the existence of Plaintiff's service animal.

The coercion included sabotaging Plaintiff's vehicles, hacking his computers, towing his occupied truck, and retaliating for seeking medical care. Also includes entering the domocile when the vehicle is unoccupied, theft, and illegal surveillance. The pattern of conduct was designed to subject Plaintiff to involuntary servitude and debt bondage.

As a direct result, Plaintiff has suffered damages including lost wages, medical expenses, emotional distress, and homelessness.

WHEREFORE, Plaintiff requests judgment against all defendants, jointly and severally, for actual damages, treble damages under 18 U.S.C. § 1595(a), punitive damages, attorney's fees, and costs.

COUNT II: RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) – 18 U.S.C. § 1962(c) and (d)
(Against All Defendants – Pattern of Racketeering)

Plaintiff incorporates all preceding paragraphs.

Defendants constitute an "enterprise" as defined in 18 U.S.C. § 1961(4), an ongoing group of persons and entities associated in fact for the common purpose of exploiting Plaintiff through fraud and coercion.

The enterprise engaged in a pattern of racketeering activity as defined in 18 U.S.C. § 1961(5), consisting of multiple acts of wire fraud, mail fraud, and wage theft affecting commerce, occurring over a period of more than four years across seven states.

The TVPRA adds human trafficking crimes as predicate offenses for RICO charges.

The predicate acts include:

Wire fraud (use of telephone, email, and internet to defraud Plaintiff)

Mail fraud (fraudulent pay stubs, insurance documents)

Theft from an employee (wage & personal property theft affecting interstate commerce)

Obstruction of justice (attacks to prevent legal filings)

As a direct result, Plaintiff has been injured in his business and property.

WHEREFORE, Plaintiff requests treble damages under 18 U.S.C. § 1964(c), together with costs and attorney's fees.

COUNT III: FAIR LABOR STANDARDS ACT – 29 U.S.C. § 216(b)

(Against Volare, Weems, Carlton, IVS, Prime)

Plaintiff incorporates all preceding paragraphs.

Plaintiff was an employee of each of these defendants engaged in commerce or the production of goods for commerce.

These defendants failed to pay Plaintiff the minimum wage and overtime compensation required by 29 U.S.C. §§ 206 and 207.

The total unpaid wages exceed $39,500.

Defendants' violations were willful.

WHEREFORE, Plaintiff requests unpaid wages, liquidated damages in an equal amount, attorney's fees, and costs.

COUNT IV: AMERICANS WITH DISABILITIES ACT – 42 U.S.C. § 12101 et seq.
(Against Western Express and IVS Transport)

Plaintiff incorporates all preceding paragraphs.

Plaintiff has a disability as defined by the ADA, including severe chronic pain from the July 9, 2025 accident, and utilizes a 60-pound service animal as a reasonable accommodation.

Western Express discriminated against Plaintiff by:

Refusing to transport him because of the service animal

Requiring him to pay an extra $400 hotel fee

Requiring a duplicative physical examination

IVS Transport discriminated against Plaintiff by towing his truck in retaliation for seeking medical care.

Both defendants failed to engage in the interactive process and denied Plaintiff reasonable accommodations.

WHEREFORE, Plaintiff requests compensatory damages, punitive damages, injunctive relief, attorney's fees, and costs.

COUNT V: FAMILY AND MEDICAL LEAVE ACT – 29 U.S.C. § 2601 et seq.
(Against IVS Transport)

Plaintiff incorporates all preceding paragraphs.

Plaintiff has a serious health condition requiring medical treatment.

Plaintiff notified IVS Transport that he needed to attend a doctor's appointment.

IVS Transport retaliated by towing Plaintiff's truck, effectively terminating his employment.

WHEREFORE, Plaintiff requests back pay, front pay, liquidated damages, attorney's fees, and costs.

COUNT VI: STATE LAW CLAIMS
(Assault, Conversion, False Imprisonment – Against Tow Company and John Does)

Plaintiff incorporates all preceding paragraphs.

In Charlotte, North Carolina, four men from a tow truck company jumped on Plaintiff's occupied truck, lifted it off the ground, and forced Plaintiff to jump out with only one shoe.

This conduct constitutes assault, conversion, and false imprisonment.

WHEREFORE, Plaintiff requests compensatory and punitive damages against the tow company and John Does 1-50.

VI. PRAYER FOR RELIEF
WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against all defendants as follows:

A. On Count I (TVPRA): actual damages, treble damages, punitive damages, attorney's fees, and costs;

B. On Count II (RICO): treble damages under 18 U.S.C. § 1964(c), together with costs and attorney's fees;

C. On Count III (FLSA): unpaid wages of $39,500, liquidated damages in the same amount, attorney's fees, and costs;

D. On Count IV (ADA): compensatory damages, punitive damages, injunctive relief, attorney's fees, and costs;

E. On Count V (FMLA): back pay, front pay, liquidated damages, attorney's fees, and costs;

F. On Count VI (State law): compensatory and punitive damages;

G. Declaratory relief that Plaintiff's passport denial was arbitrary and that he is entitled to a passport;

H. An order directing the State Department to issue Plaintiff a passport within 30 days;

I. An order directing the Palm Beach County housing authority to reconsider Plaintiff's housing application without relying on inaccurate arrest records; and

J. Such other and further relief as the Court deems just and proper.

VII. JURY DEMAND
Plaintiff demands a trial by jury on all issues so triable.

## VIII. VERIFICATION

I, John Doe (pseudonym for [Your True Name]), declare under penalty of perjury that the facts stated in the foregoing Verified Complaint are true and correct to the best of my knowledge and belief.

Executed this 28 day of ___July___, 2026, in Boynton Beach, Florida.

[Sign your true name here]
[Print your true name below]

## IX. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Verified Complaint was mailed via certified mail, return receipt requested, to all defendants at their registered addresses, on this 28 day of ___July___, 2026.

[Your signature]